

# THE ATTORNEY GENERAL
# OF TEXAS

May 11, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Travis S. Ware
Criminal District Attorney
P. O. Box 10536
Lubbock, Texas    79408

Opinion No.    JM-692

Re:  Authority of a master appointed
under the authority of Senate Bill
No. 1321, Acts 1985, 69th Leg., ch.
851, §1 et seq., at 2951, to handle
matters under Title 1, 2 or 4 of the
Family Code

Dear Mr. Ware:

You ask whether a master appointed by a judge under Senate Bill
No. 1321, Acts 1985, 69th Leg., ch. 851, §1, at 2951, is statutorily
authorized to handle matters under Title 1, 2, or 4 of the Family
Code.

Section 1 of Senate Bill No. 1321, Acts 1985, 69th Leg., ch. 851,
purports to amend article 1918b, section 1, V.T.C.S. (now sections
54.001 and 54.004 of the Government Code) without reference to the
repeal of said article by Acts 1985, 69th Leg., ch. 480, §26(1), at
2048.  As so amended, section 1 of Senate Bill No. 1321 reads:

> Appointment of Master.  (a)  The judge of a
> district court or other court having jurisdiction
> of suits under Title 1, 2, or 4, Family Code, as
> amended,  may  appoint  a  master  to  perform  the
> duties authorized by this Act if the commissioners
> court of a county in which the court has juris-
> diction  authorizes  the  employment  of  a  master.
> The court may employ either a full or part-time
> master.  Except as provided by Subsection (d) of
> this section, the master shall be appointed by the
> judge and serves at the will of the judge.
>
> (b)  If  the  court  exercises  jurisdiction  in
> more than one county, the master may serve only in
> a  county  in  which  the  commissioners  court  has
> authorized the master's appointment.
>
> (c)  If more than one district court or other
> court having jurisdiction of suits under Title 1,
> 2, or 4, Family Code, as amended has jurisdiction
> in a county, the commissioners court may authorize

the appointment of a master for each court or may authorize one or more masters to share service with two or more courts.

(d) If a master serves more than one court, the master's appointment must be made with the unanimous approval of all the judges under whom the master serves, and the master's services may be terminated by a majority vote of all the judges for whom the master serves.

Your concern appears to stem from the fact that Senate Bill No. 1321, Acts 1985, 69th Leg., ch. 851, §1, at 2951, is an amendment to a statute repealed by the same legislature. The repealed article 1918b, now sections 54.001 and 54.004 of the Government Code, was amended by Senate Bill No. 1321. The Government Code, enacted by Acts 1985, 69th Legislature, effective September 1, 1985, is a unit of the statutory revision program authorized by article 5429b-1, V.T.C.S.

The Government Code, section 311.031, Savings Provision, provides in pertinent part:

(c) The repeal of a statute by a code does not affect an amendment, revision, or reenactment of the statute by the same legislature that enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision that revised the statute so amended, revised, or reenacted.

The fact that the Sixty-ninth Legislature repealed article 1918b, V.T.C.S., does not affect an amendment, revision, or reenactment by the same legislature that enacted this provision of the Government Code.

S U M M A R Y

A master appointed under the authority of Senate Bill No. 1321, Acts 1975, 69th Leg., ch. 851, §1, at 2951, is statutorily authorized to handle matters under Title 1, 2, or 4 of the Family Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General